IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 19-CR-0110-CJW-MAR |
| | ) | |
| vs. | ) | BRIEF IN SUPPORT OF |
| | ) | DEFENDANT'S MOTION TO |
| NATHAN KREJCI, | ) | STRIKE VICTIM IMPACT |
| | ) | STATEMENTS |
| Defendant. | ) | |

Defendant Nathan Krejci respectfully requests the Court to strike the Victim Impact Statements filed at Docket Nos. 64-1 (first paragraph only) and 73 (entirety).

Title 18, U.S.C. § 3771 sets for the various rights of a crime victim. Those rights include the right to be reasonably heard at sentencing. *See* 18 U.S.C. § 3771(a)(4). Section 3771(e)(2)(A) defines "crime victim" as "a person directly and proximately harmed as a result of the commission of a Federal offense." Pursuant to § 3771(e)(2)(B), a legal guardian, representative, family members, or other persons appointed by the Court, may assume victim's rights if the victim is legally incapacitated, including if deceased.

1

K. K. is the victim of the offenses of conviction (Count 2 and 3). *See* PSIR ¶ 11.

The Victim Impact Statement from J.W., (Dkt. 64-1) in the first paragraph, discusses alleged wrongs by Defendant Krejci directly against J. W.  J. W. is not a victim of the offense and is not entitled to submit a Victim Impact Statement on her own behalf.  As the mother of K. K., she may submit a Victim Impact Statement on behalf of K. K.  Accordingly, the remainder of the Victim Impact Statement starting with "My daughter" is appropriate as a Victim Impact Statement.

The Victim Impact Statement from G. W. (Dkt. 73) is also not from a victim of Mr. Krejci's offenses and should not be considered as a Victim Impact Statement.  Recognizing this, the Government now seeks to submit G. W.'s Victim Impact Statement to the Court as a Sentencing Exhibit.  Defendant has objected to the paragraphs of the PSIR (¶¶ 37, 38) that relate to G. W.'s allegations against Defendant.  As found by Iowa DHS, G. W.'s allegations were determined to be not confirmed, *i.e.,* not supported by a preponderance of the evidence.  *See* Defendant's Ex. A (DHS Determination) (Dkt. 65).

The Court should also not consider G. W.'s Victim Impact Statement as a "Sentencing Exhibit."  G. W. is not expected to testify at sentencing.  The Rules of Evidence do not apply to sentencing proceedings, and "hearsay evidence, even

2

double hearsay, can be used at sentencing proceedings if it bears sufficient indicia of reliability to support its probable accuracy." *United States v. Ngombwa*, 893 F.3d 546, 557 (8th Cir. 2018) (cleaned up). As a general principle, when hearsay evidence at sentencing is corroborated, it is sufficiently reliable. *Id*.

There is nothing that corroborates G. W.'s hearsay statements. In fact, as noted, Iowa DHS investigated those allegations and found that they were unsupported by sufficient evidence. The fact that G. W. has made inconsistent statements over time is not corroboration. In fact, his inconsistency makes his statements even more unreliable. Which version does the Court believe?

Respectfully Submitted,

_____/s/ Webb L. Wassmer_____
Webb L. Wassmer
*Wassmer Law Office PLC*
5320 Winslow Road
Marion, IA 52302
Tele: (319) 210-4288
wassmerlaw@yahoo.com

Attorney for Defendant Nathan Krejci

3

CERTIFICATE OF SERVICE

I certify that on March 6, 2021, I electronically filed the foregoing with the Clerk of Court using the ECF system which will send notification of such filing to the following:

    Ashley Corkery, AUSA
    United States Probation

    By: _____/s/ Webb Wassmer_____
    **Webb Wassmer**

4

Case 1:19-cr-00110-CJW-MAR   Document 75-1   Filed 03/06/21   Page 4 of 4